UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHAMROCK FISHERIES, LLC, KINEO FISHERIES, LLC, MARINER FISHERIES, LLC, SEAFARER FISHERIES, LLC, CYNBEL FISHERIES, LLC, TORBAY FISHERIES, LLC, GALWAY FISHERIES, LLC, QUINN FISHERIES, LLC, BLUE HARVEST FISHERIES, LLC, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. |
| MARK C. MANNING, ROBERT J. BOCKO, STEVENSON L. WEEKS, as PANELISTS, | ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| HON. LLOYD MACDONALD, as TRUSTEE of the RAFAEL SETTLEMENT TRUST, | ) ) ) ) | |
| Nominal Defendant. | ) ) | |

**NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) (DIVERSITY OF CITIZENSHIP)**

Pursuant to 28 U.S.C. §1331, § 1441(b), and §1446(b), Defendants Mark C. Manning, Robert J. Bocko, and Stevenson L. Weeks, American Arbitration Association arbitrators serving on an arbitration panel ("Arbitration Panelists"), hereby remove to this Court the state court action described below.

1.  Plaintiffs commenced this action on or about April 21, 2021 by filing a Verified Complaint for Declaratory and Injunctive Relief ("Complaint") in the Massachusetts Superior Court for Bristol County, *Shamrock Fisheries LLC* et al. *v. Mark C. Manning* et al., Civil Docket No. 2173CV00292, naming the Arbitration Panelists as Defendants (as well as a Nominal Defendant, Hon. Lloyd MacDonald, as Trustee of the Rafael Settlement Trust).

2.  Arbitration Panelist Robert J. Bocko was served with the Complaint on April 22, 2021. Arbitration Panelist Mark C. Manning was served with the Complaint on April 23, 2021. Arbitration Panelist Stevenson L. Weeks has not yet been served with the Complaint. This action is now pending in the Bristol County Superior Court. Copies of the Complaint, with attached exhibits, and other Superior Court documents served on the Arbitration Panelists are attached hereto as Exhibit A.

3.  This Notice of Removal is being filed within thirty days of service of the Complaint, as required by 28 U.S.C. § 1446(b).

4.  The State Court Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by the Arbitration Panelists under 28 U.S.C. § 1446 in that there is complete diversity of citizenship and the amount in controversy exceeds the jurisdictional threshold of $75,000.

5.  In this regard, Plaintiff corporations are citizens of Massachusetts and Delaware, to wit:

    a.  Plaintiffs Shamrock Fisheries LLC, Kineo Fisheries LLC, Mariner Fisheries LLC, Seafarer Fisheries LLC, Cynbel Fisheries LLC, Torbay Fisheries LLC, and Galway Fisheries LLC are limited liability companies organized under the laws of Massachusetts with principal places of business in Massachusetts. Plaintiff Quinn Fisheries, Inc.

is a Massachusetts corporation with a principal place of business in Massachusetts. See Complaint at ¶¶ 1-7. Collectively, these Plaintiffs are referred to as "Quinn Entities."

      b.      Plaintiff Blue Harvest Fisheries LLC ("Blue Harvest") is a limited liability company organized under the laws of Delaware, registered to do business in Massachusetts, with a principal place of business in Massachusetts. See Complaint at ¶ 8.

6.      Defendant Arbitration Panelists are citizens of Alaska (Mark C. Manning), Maine (Robert J. Bocko) and North Carolina (Stevenson L. Weeks).

7.      Although Nominal Defendant Hon. Lloyd MacDonald (Ret.) is a citizen of Massachusetts, a federal court must disregard the citizenship of a nominal defendant when determining diversity jurisdiction. See Navarro Savings Association v. Lee, 446 U.S. 458, 461 (1980); Bishay v. Am. Arb. Assoc., 221 F. App'x 3 (1st Cir. 2007).

8.      Furthermore, the amount in controversy in this matter exceeds $75,000 because Plaintiffs seek relief against the Arbitration Panelists so a that a "multimillion dollar commercial transaction" may be completed between Quinn Entities and Blue Harvest. See Complaint at ¶¶ 13; see also Id. at ¶¶ 22-26. Therefore, the proper measure of the amount in controversy in this case for declaratory and injunctive relief – "the value of the object of the litigation" – is well in excess of $75,000. See Hunt v. Washington Apple Advertising Commission, 432 U.S. 333, 347, (1977); Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004); Aliberti v. GMAC Mortgage, LLC, 779 F. Supp. 2d 242, 245 (D. Mass. 2011); see also 28 U.S.C. §1446(c)(2)(A)(i).

9.      This Notice of Removal is being filed in the District of Massachusetts, the district court of the United States for the district within which the State Court Action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

10. Upon filing of this Notice of Removal, the Arbitration Panelists shall give written notice thereof to Plaintiffs, and shall file a certified copy of this Notice of Removal with the Clerk of the Bristol County Superior Court.

11. By filing this Notice of Removal, the Arbitration Panelists do not waive any defenses available to them, jurisdictional or otherwise.

WHEREFORE, the Arbitration Panelists respectfully request that this action proceed in this Court as an action properly removed.

> Respectfully submitted,
>
> MARK C. MANNING, ROBERT J. BOCKO, STEVENSON L. WEEKS, as PANELISTS
>
> By their attorneys,
>
> /s/*John M. Simon*
> John M. Simon (BBO# 645557)
> Stoneman, Chandler & Miller, LLP
> 99 High Street
> Boston, MA  02110
> (617) 542-6789

Dated: April 26, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th of April 2021, I caused copies of the foregoing Notice of Removal to be served on counsel for Plaintiffs by electronic mail and hand delivery at the following addresses:

Paul T. Muniz, Esq.
    pmuniz@donovanhatem.com
Donovan Hatem, LLP
56 State Street, 8th Floor
Boston, MA 02109

Andrew Minkiewicz, Esq.
    aminkiewicz@kelleydrye
Kelley Drye & Warren
Washington Harbor, Suite 400
350 K Street, NW
Washington, D.C. 20007

/s/*John M. Simon*
John M. Simon